AFFIDAVIT OF SPECIAL AGENT BRENDA M. NEVANO

I, Brenda M. Nevano, being first duly sworn, hereby depose and say:

(1) I am a Special Agent with the Bureau Immigration and Customs Enforcement of the Department of Homeland Security. I have been a Special Agent for almost two years. Previously I was a Customs Inspector for five years. I have investigated and participated in the investigation of dozens of cases involving the importation and/or distribution of controlled substances.

(2) This affidavit is in support of a criminal complaint against Emanual Lee charging him with possessing more than 500 grams of cocaine with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B). The information set forth herein is based primarily on information provided to me by other Special Agents and Inspectors of Customs. As the purpose of this affidavit is only to establish probable cause for the complaint against the defendant, I have not set forth each and every fact known to me concerning the investigation.

(3) On Sunday, June 27, 2004, Emanual Lee and Lorenzo Banks arrived at Boston's Logan Airport from Montego Bay, Jamaica on a U.S. Air flight. Lee and Banks are from Philadelphia and were at the time en route to Philadelphia. According to records, their tickets to Jamaica were reserved and purchased at the same time

1

from the Travelocity website on June 23, 2004. They were scheduled to fly to Jamaica on Thursday, June 24 and return to Philadelphia on Sunday, June 27.

(4) After arrival in Boston for a lay-over, Lee and Banks were instructed to go to secondary Customs inspection. At secondary inspection, inspectors examined Lee's black luggage bag and performed an X-ray. The X-ray revealed, and Custom's Inspectors later seized, 9 packages. Each of the packages contained cocaine, with a total weight later determined to be in excess of 800 grams. The packages were concealed within the lining of luggage bag, adhered to a cardboard piece between the rails.

(5) Lee was arrested and advised of his Miranda rights. Lee waived his Miranda rights and agreed to speak with law enforcement agents. Lee indicated that he traveled to Jamaica for pleasure and that when he flew to Jamaica, his luggage was packed in a blue duffle bag. After arriving in Jamaica, Lee stated that his back was sore and he believed the duffle bag was at least in part to blame. Lee claimed that he purchased the luggage bag he came back with from a man in Jamaica for $15. Lee claimed that he met the man around the hotel he was staying and the man had previously told Lee he could get Lee whatever he wanted.

(6) I believe, based on my training and experience, that it

is wholly implausible that for $15, someone would sell to Lee a luggage bag containing over $10,000 worth of cocaine. In addition, several aspects of Lee's story did not make sense or were inconsistent with what Banks told law enforcement in a separate interview. For example, Lee originally claimed he and Banks did not travel together and only met on the flight back. After being confronted with records that the tickets had been purchased together, Lee stated that he and Banks were friends and had traveled together. Lee stated that Banks had seen his blue duffle bag in his hotel room. Banks stated the only bag he remembered seeing Lee with was the luggage bag that Lee carried into Logan Airport. Lee told law enforcement agents that he and his fiancé had a young child and that Lee had worked construction and made less than $30,000 per year. Yet the cost of the trip to Jamaica for a four day vacation was substantial and neither Lee nor Banks were able to tell law enforcement anything special they had done or that caused them to take the trip.

3

(7) Based upon the foregoing, there is probable cause to believe that Emanual Lee knowingly and intentionally possessed more than 500 grams of cocaine with intent to distribute it, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

*[signature]*
Brenda M Nevano
Special Agent
Bureau of Immigration and
Customs Enforcement

Sworn to before me, and subscribed to in my presence, this 28th day of June, 2004.

*[signature]*
CHARLES B. SWARTWOOD, III
UNITED STATES MAGISTRATE JUDGE